R. C. QUIÑONES, Petitioner, v. DISTRICT COURT OF SAN JUAN, Respondent.

No. 1259. Argued November 3, 1941.—Decided November 6, 1941.

*Estrella García Capella* for petitioner.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

R. C. Quiñones filed a petition for certiorari to review a certain judgment rendered on appeal against him and his wife by the lower court in the sum of $106.15. It is alleged by the petitioner that the judgment rendered against him is erroneous, as the amount claimed by plaintiff Luiña arises from a lease contract entered into by his wife exclusively in connection with a beauty-parlor business which she has established on her own account, and therefore that he is not liable for such obligation. He invokes our decision in *Silva v. District Court*, 57 P.R.R. 712.

The question now raised presents another phase of Section 6 of the Code of Commerce which was not involved in the above-cited case. It was therein held that a married woman engaged in trade or industry may sue without her husband being joined for the enforcement of obligations contracted for the benefit of such business or industry; but the legal question now before us is not the capacity of the wife to sue without her husband being joined but the determination of any liability on the part of the conjugal partnership for obligations contracted by the wife in connection with any trade or industry in which she may be engaged.

For a better understanding of the controversy, it seems advisable to transcribe Section 6 of the Code of Commerce, which reads as follows:

"Section 6.—A married woman may freely engage in commerce and industry without other formalities than those required for men.

In the business or industry in which a woman may engage, her liability shall be confined to her private property, with its fruits, the income therefrom and interest thereon, the immediate and direct profits obtained from such industry or trade, and the property acquired with such profits; and she may dispose of all such property without her husband's consent. Community property shall be liable for the results of the trade or industry undertaken by the woman provided there is express or tacit consent of the husband. If the husband wishes to express his will that such community property shall not be liable, he shall by means of a writing duly certified, notify his wife and the Mercantile Registry, where an entry thereof shall be made in the margin of the registration of the merchant.''

It will be observed that, according to the above-transcribed legal provisions, in the business or industry in which a woman may engage, her liability is confined to her separate property, with its fruits, the income therefrom, and interest thereon, the immediate and direct profits obtained from such industry or trade, and the property acquired with such profits. However, it is also provided in the same section that, in addition to such property, community property shall likewise be liable where there is an express or tacit consent of the husband to his wife's engaging in said trade or industry and he has not expressed his will that such community property shall not be liable, which fact he must, by means of a writing duly certified, notify his wife and the mercantile registry, where an entry thereof shall be made on the margin of the registration of the merchant.

From the record it does not appear that Mrs. Silva de Quiñones is engaged in such trade or industry without the consent of her husband. [2] On the contrary, from the special defenses set up by the appellant in answer to the complaint, it appears that his wife has been nine years at least engaged in said trade or industry, and such being the case and as it does not appear that her husband has expressed his dissent, the tacit consent to which the law refers is clearly inferred. As it does not appear from the record, either, that the petitioner husband has expressed his will

that the community property should not become liable for the results of said trade or industry, for there is no evidence that he has notified to that effect either his wife or the mercantile registry, in the form prescribed by law, or in any other way, it must necessarily be concluded that the whole community property is liable for the outcome of such business; but since the husband is the legal representative of the conjugal partnership, according to Section 93 of the Civil Code (1930 ed.), he was a necessary party to the action so that said property might become subject to any judgment rendered. It was not error, therefore, for the lower court to render judgment against the petitioner.

For the reasons stated the writ sought must be refused.